# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMBER M. FISHBURN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-4039-JAR |
| ) | |
| CITY OF SALINA, BOARD OF COUNTY ) | |
| COMMISSIONERS OF THE COUNTY OF ) | |
| SALINE d/b/a SALINA–SALINE COUNTY ) | |
| HEALTH DEPARTMENT, SALINA ANIMAL ) | |
| SHELTER, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff Amber M. Fishburn filed this action claiming she was terminated from her position as an animal control officer with the Salina Animal Shelter in violation of the Americans with Disabilities Act. Before the Court is Defendants' Motion for Judgment on the Pleadings (Doc. 5). Defendants seek an order dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(c), claiming that they are improper parties and lack the capacity to sue or be sued. As described more fully below, Defendants' motion is moot.

Plaintiff filed her Complaint on May 15, 2014, naming Salina–Saline County Health Department and Salina Animal Shelter as defendants ("Named Defendants").[1] The Named Defendants filed a Motion for Judgment on the Pleadings, arguing that the case should be dismissed because neither of the Named Defendants is an entity with the capacity to be sued.

Defendants cite *Hopkins v. Kansas*, for the proposition that under Kansas law, in the

---

[1] Doc. 1.

absence of specific authority granting a governmental entity the capacity to sue or be sued, a governmental body is not capable of being sued.[2] This is not an accurate recitation of Kansas law. As the Court in *People for the Ethical Treatment of Animals, Inc. v. Kansas State Fair Board* noted, this language in *Hopkins* is the court quoting the trial court's findings.[3] In noting that the quoted language does not belong to the Kansas Supreme Court, the Court stated that "[m]ore substantially, to the extent that the defendants suggest that the authorization to sue or be sued depends upon express or explicit statutory language, this is not the law in Kansas."[4] However, in light of this Court's decision to allow leave to amend, this Court need not address the issue here.

In response to Defendants' motion, Plaintiff filed a Motion to Amend Complaint, seeking to file an amended complaint naming the City of Salina, Board of County Commissioners of the County of Saline d/b/a Salina–Saline County Health Department, Salina Animal Shelter.[5] On August 21, 2014, the Court granted Plaintiff's motion to amend her complaint, instructing her to forthwith file the First Amended Complaint attached to her motion.[6] On August 29, 2014, Plaintiff filed her First Amended Complaint.[7] The First Amended Complaint renders the pending motion for judgment on the pleadings moot. The City of Salina and Saline County are

---

[2] 702 P.2d 311, 316 (Kan. 1985).

[3] *People for the Ethical Treatment of Animals, Inc. v. Kansas State Fair Bd.*, 891 F. Supp. 2d 1212, 1217 (D. Kan. 2012) (finding capacity to sue or be sued need not be express, but can be implied).

[4] *Id.* (citation omitted) ("Such a broad authorization to control and manage property are a sufficient basis for finding that the KSFB has the capacity to sue and be sued.").

[5] Doc. 7.

[6] Doc. 10.

[7] Doc. 11.

municipal defendants both fully authorized by the State of Kansas to sue and be sued pursuant to K.S.A. §§ 12-101 and 19-101. In light of Plaintiff's First Amended Complaint, the Defendants' motion is moot.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. 5) is **MOOT**.

**IT IS SO ORDERED**.

Dated: September 2, 2014

                                           S/ Julie A. Robinson
                                           JULIE A. ROBINSON
                                           UNITED STATES DISTRICT JUDGE