## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| AMBER M. FISHBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-4039-JAR-GLR |
| | ) | |
| CITY OF SALINA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff has filed a Motion for Permission to Amend Complaint (ECF 20).  Pursuant to

Fed. R. Civ. P. 15(a)(2), the motion seeks leave to file a Second Amended Complaint.  Like her

First Amended Complaint, Plaintiff would assert a claim for termination of her employment with

Defendant,  allegedly in violation of The Americans with Disability Act, 42 U.S.C. § 12101.  Her

proposed Second Amended Complaint would add a claim for breach of contract.  It alleges the

contract as follows:

> 14.  On January 12, 2009, Defendant and Plaintiff entered into a written
> agreement governing the terms and conditions of Plaintiff's employment, which
> was set forth in Defendant's Employee Handbook.

Defendants oppose the motion.  Citing several cases, both from the Supreme Court of

Kansas and from this Court, they argue that an employee handbook, created by the employer,

does not create a contract of employment.  Accordingly, they contend the proposed amendment

would assert only a futile claim which the Court must deny.

The parties have fully briefed the motion.  The Court grants the motion for the following

reasons:  Defendants may ultimately be able to prove that the proposed claim for breach of

contract is indeed futile.  The Court cannot reasonably make such a determination, however, at this point.  The additional language of Paragraph 14 of the proposed amended complaint is sufficient to assert a claim at the pleading stage.  It may seem unusual and improbable that the parties indeed entered into a written contract of employment, which incorporates or is part of the content of the employer's handbook for employees.  Both the content of the handbook and what the parties may have done, however, if anything, to frame all or part of it as a contractual commitment pose questions of fact.  Indeed, the cases cited by the parties reject the contractual nature of a handbook not from the pleadings, but by and large from considering the evidence developed from discovery or at trial.

For the foregoing reasons the Court grants the Motion for Permission to Amend Complaint (ECF 20).  Plaintiff may serve and file her proposed Second Amended Complaint.

**IT IS SO ORDERED**.

Dated this 16th day of March, 2015, at Kansas City, Kansas.

S/Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge